UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Phyllis Preston | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Anna Khachatryan          Sarah Cronin, AUSA

**Proceedings:**    MOTION TO DISMISS (Dkt. 22, filed on June 4, 2025)

## I.    INTRODUCTION

On June 26, 2024, plaintiff Tiaira Ransom ("plaintiff") filed her Complaint against defendant Secretary of the United States Department of Homeland Security, Alejandro Mayorkas ("defendant"). Dkt 1 ("Compl."). Plaintiff asserted six claims for relief, each based on three legal theories: (1) discrimination; (2) hostile work environment harassment; (3) retaliation; (4) failure to provide reasonable accommodation; (5) failure to engage in the interactive process; and (6) failure to prevent discrimination, harassment, or retaliation, all alleged to be violations of Title VII, the Americans with Disabilities Act (the "ADA"), and the Rehabilitation Act of 1973 (the "Rehabilitation Act").

On June 4, 2025, defendant filed the instant motion to dismiss. Dkt. 22 ("Mot."). On June 16, 2025, plaintiff filed her opposition. Dkt. 23 ("Opp."). On June 23, 2025, defendant filed his reply. Dkt. 24 ("Reply").

On July 7, 2025, the Court held a hearing. At the hearing, plaintiff submitted on the Court's tentative order, and submitted that leave to amend would be futile for the claims the Court concluded should be dismissed. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff claims that she was employed as a Transportation Security Officer by the United States Department of Homeland Security since around January 15, 2023. Compl. ¶ 7. Plaintiff alleges that she is a woman who, after giving birth, required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title    | Tiaira Ransom v. Alejandro N. Mayorkas | | |

accommodations at work including to pump breastmilk, and that shortly after being hired, she informed managers and the Human Resources Department that she needed more time for pumping. Id. ¶¶ 9(a-b), 10(a). Plaintiff claims that she was originally permitted to pump as needed using defendant's lactation rooms. Id. ¶10(a). Plaintiff alleges that she "made complaints of discrimination, harassment, and retaliation, among other protected complaints." Id. ¶ 9(d).

Plaintiff also claims that she has a daughter who suffered from a disability while she was employed by defendant. Id. ¶ 9(c). Plaintiff alleges that around early-April 2023 she informed her manager, Michelle Baxter ("Baxter"), that she "needed to take her daughter to doctors' appointments regarding her hearing impairment/disability," and that she requested around two days off per month for this purpose. Id. ¶ 10(b). Plaintiff claims that Baxter declined these requests, stating that other employees with children could work, and "mocked [plaintiff] by stating she could not do the job and that she acted as if she was the only employee with a child." Id.

Plaintiff alleges that she informed Baxter's superior, Robert Boobt ("Boobt"), about Baxter's "inappropriate comments[,] behavior," and harassment, and told him that she was being mistreated, including by calling him to provide more details, though she did not receive a response. Id. ¶ 10(c). Plaintiff alleges that after complaining to Boobt, Baxter "began to retaliate" against her with Shift Leaders following her around the jobsite and questioning where she was going, even when attempting to use the restroom. Id. Plaintiff claims that a Shift Leader said, "that Baxter instructed him to follow [her] during their shift together." Id.

Plaintiff claims that she informed Boobt of the alleged retaliatory behavior around mid-April 2023, explaining that "Baxter was making negative comments about her and [she was] being treated differently than the other employees." Id. ¶ 10(d). Plaintiff alleges that Boobt assured her that he would investigate the situation. Id.

Plaintiff claims that shortly after making her second complaint, Baxter's "inappropriate behavior continued to escalate," and Baxter said petitioner "could no longer use the lactation rooms and could only use the airport terminal's lactation rooms." Id. ¶ 10(e). Plaintiff further alleges that Baxter said she could only pump during her rest breaks, as opposed to as needed, and that she began to receive "frivolous disciplinary actions." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

Plaintiff claims that around late-April 2023, she met with Boobt to detail Baxter's "escalating behavior," and that he dismissed her concerns, stating "that he did not believe there was an issue with the treatment she was experiencing." Id. ¶10(f). Petitioner claims that she requested to be moved to another terminal but was denied by Boobt. Id.

Plaintiff alleges that in around early-May 2023, she met with Boobt's superior, Jorge "Doe" ("Doe"), and discussed Baxter's "inappropriate behavior." Id. ¶10(g). Plaintiff claims that Doe dismissed her complaint, stating that Baxter "runs the terminal" and that plaintiff "could not use [d]efendant's lactation rooms and could only pump on her rest breaks." Id.

Plaintiff alleges that on or about May 4, 2023, she submitted a complaint to the Assistant Federal Security Director for Screening, Moises Hernandez ("Hernandez") about Baxter's "ongoing harassment towards her due to her need to breastfeed her newborn." Id. ¶10(h). Plaintiff claims that she informed Hernandez that Boobt did not address her complaints and that Baxter's harassment subsequently worsened. Id. Plaintiff also claims that she informed Hernandez that "she has been discriminated against because of her race and need to breastfeed." Id. Plaintiff alleges that around May 5, 2023, Hernandez told plaintiff that he would investigate her complaint but that she never received an update on this "alleged investigation." Id. ¶10(i).

Plaintiff claims that around late-May 2023, she attended a mandatory training but due to "issues with childcare," ultimately missed a day of the training to care for her daughter. Id. ¶10(j). Plaintiff alleges that upon attempting to return to the training, she was told she would need to complete it at another time. Id. Plaintiff alleges that in around late-June 2023, the Training Manager, Greg Vahradyan, told her she was "rescheduled to complete her training beginning on or around July 24, 2023." Id. ¶ 10(k). Plaintiff claims that shortly after, on or about June 27, 2023, she was terminated. Id. ¶ 11. According to plaintiff, her "pregnancy, sex/gender, associational disability, and/or other characteristics protected by … law[] were substantial motivating reasons for defendant's adverse employment actions against [her]." Id. ¶ 18.

Plaintiff alleges that she was faced with "harassing conduct through a hostile work environment" and "quid pro quo sexual harassment" because of her protected characteristics. Id. ¶ 24. She alleges that defendant failed to provide reasonable accommodations for her known disability and that defendants used her disability and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

need for medical leave "as an excuse for engaging in adverse employment actions against [her]." Id. ¶¶ 36-37. Plaintiff alleges that defendants failed to "engage in a timely, good-faith interactive process with plaintiff to accommodate her known disabilities." Id. ¶ 43.

Plaintiff claims that defendant failed to prevent employees and members of management from "engaging in intentional actions that resulted in plaintiff's being treated less favorably because of her pregnancy sex/gender, associational disability, and/or other protected status and/or because plaintiff engaged in protected activity." Id. ¶ 50. Plaintiff further claims that defendants failed to prevent employees from "engaging in unjustified and unlawful employment practices against employees in such protected classes," and that they failed "to prevent a pattern and practice by their employees of intentional discrimination and harassment" on the bases of protected characteristics and activities. Id. ¶ 50.

Plaintiff claims that she has exhausted her administrative remedies "by filing a timely formal Equal Employment Opportunity complaint with the U.S Department of Homeland Security Office of Employment Discrimination pursuant to 42 U.S.C. § 2000e-16 (c)." Id. ¶ 15. Plaintiff also claims that her complaint was filed in accordance with 29 CFR §§ 1614.105 and 1614.106, and that this lawsuit has been filed within 90 days of receiving a final agency decision pursuant to 29 CFR § 1614.407(a). Id.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.    DISCUSSION**

Defendant argues that all of plaintiff's claims should be dismissed because her claims are not properly brought pursuant to Title VII, the ADA, or the Rehabilitation Act. First, defendant argues that the case should be dismissed because plaintiff did not notify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | | Date | July 7, 2025 |
|---|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | | |

an EEO counselor of any allegedly wrongful conduct within 45 days. Mot. at 4.
Defendant argues that the discriminatory conduct plaintiff alleges had all occurred by the
date of her termination on June 27, 2023, and yet plaintiff did not contact an EEO
counselor until December 27, 2023, which defendant argues is fatal to this lawsuit. Id. at
4-5. Next, defendant argues that plaintiff's ADA claims should be dismissed because
"federal employees alleging disability discrimination must bring their claims pursuant to
the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. because the ADA does not cover
the executive branch of the federal argument." Id. at 5. Third, defendant argues that
plaintiff's claims under the Rehabilitation Act must be dismissed because they are
preempted by Section 111(d) of the Aviation and Transportation Security Act of 2001,
Pub. L. No. 107-71, 115 Stat. 597 (Nov. 19, 2001) (the "ATSA") because of "the unique
nature of [the Transportation Security Administration's ("TSA")] security screening
workforce." Id. at 6.

    Defendant then addresses three specific claims made by plaintiff. First, defendant
argues that plaintiff's second claim for relief, based on a hostile work environment fails
because to establish such a claim, plaintiff would be required to show "that she was
subjected to unwelcome verbal or physical conduct directed towards her protected status,
and that the conduct was sufficiently severe or pervasive to alter the conditions of her
employment and create an abusive work environment." Id. at 7. Here, defendant argues,
the allegations made by plaintiff seem to arise from a single interaction with her manager
during which her manager "'coldly declined'" her request to take two days off a month to
attend her daughter's doctors' appointments, and that "'she could not do the job and that
she acted as if she was the only employee with a child.'" Id. (citing Compl. ¶ 10(b)).
These allegations, defendant argues, are not sufficiently pervasive or severe to state a
hostile work environment claim. Id. at 7-8.

    Defendant next addresses plaintiff's fifth claim for relief, for failure to engage in
the interactive process. Id. at 8. Defendant argues that this claim must be dismissed
"because there is no stand-alone cause of action for failing to engage in the interactive
process." Id. at 8-9. Similarly, defendant argues that plaintiff's sixth claim for relief, for
failure to prevent discrimination, harassment, and retaliation should be dismissed because
it also does not constitute an independent claim. Id. at 9.

    In opposition, plaintiff first argues that defendant's motion is procedurally
defective and must be denied because it relies on the self-serving declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

Christopher Smoot (the "Smoot Declaration"), exhibits attached thereto, and a request for judicial notice. Opp. at 8. According to plaintiff, these documents are "improperly attached for Defendant's Motion and cannot be considered by this Court" because defendants rely on the Smoot Declaration "to create a factual dispute as to the dates concerning Ransom's administrative exhaustion." Id. Plaintiff argues that defendant does not address her showing that she filed her suit within 90 days of receiving a final agency decision. Id. at 8-9.

Next, plaintiff argues that defendant improperly treats his motion as a motion to dismiss when it is a motion to strike, as it only contests certain bases for the claims and therefore fails to dispose of her claims. Id. at 9. Plaintiff argues that defendant concedes that her claims are properly brought under Title VII, thus even if the Court finds that her claims should be dismissed based on her ADA and Rehabilitation Act theories, the claims remain proper pursuant to Title VII. Id. Plaintiff further argues that she exhausted her administrative remedies because a complainant must file a civil action with 90 days of receipt of a final agency decision. Id. According to plaintiff, in order to dismiss pursuant to 12(b)(6) based on failure to exhaust, the failure must be clear from the face of the complaint. Id. at 10. Plaintiff argues that "not only is the statute of limitations issue apparent on the face of the complaint but [d]efendant fails to meet its burden to show that [plaintiff] failed to exhaust her administrative remedies and offers no case law to support such contention." Id. Plaintiff argues that because she filed her suit within 90 days of a final agency decision, she should be found to have exhausted her administrative remedies. Id. at 11.

Plaintiff argues that she also attempted to initiate a complaint procedure before her termination and that she is entitled to equitable tolling. Id. Even if defendant had properly addressed her statement that she had exhausted her administrative remedies, plaintiff argues, his argument still fails. Id. She argues this is the case because her Complaint alleges that on May 4, 2023, she "she submitted a complaint to [Hernandez]. detailing her ongoing harassment," and was informed it would be investigated, though she was terminated shortly thereafter. Id. at 11-12. According to plaintiff, this satisfies the EEO requirement that she initiate contact logically connected to the EEO process. Id. at 12-13. She argues that "[s]imilar to the EEO structure, [she] was informed that her complaint would be investigated." Id. She argues that this should suffice under the Ninth Circuit's liberal standard. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

Plaintiff next argues that equitable tolling should apply to her claims under 29 C.F.R. § 1614.105 because the section permits tolling when "the delay is caused by 'excusable ignorance' and shows a 'lack of prejudice to the defendant.'" Id. (quoting Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003). Plaintiff argues that "[d]efendant's moving papers do not allege that [plaintiff] was aware of the EEO requirements," and that once she initiated the EEO action she followed the procedural requirements and filed suit within 90 days of receiving the final agency decision. Id. Plaintiff argues that this issue is, in any case, not proper on a motion to dismiss because exhaustion of administrative remedies is a question of fact. Id. at 14.

Plaintiff argues that her ADA claims should not be dismissed because she does not assert a stand-alone ADA claim, rather each of her claims is asserted under Title VII, the ADA, and the Rehabilitation Act and so defendant's attacks on only one of the bases for each claim are properly brought as a motion to strike, rather than dismiss. Id. at 14. Plaintiff makes the same argument as to defendant's motion to dismiss her Rehabilitation Act claims. Id. at 16.

Plaintiff also argues that defendant "fails to meet its burden to show that [her] ADA claim should be dismissed" because defendant, plaintiff argues, fails to cite any case law for the proposition that a plaintiff must assert Rehabilitation Act claims instead of or before asserting rights pursuant to the ADA. Id. at 15.

As to her Rehabilitation Act claims, plaintiff argues that that the standards listed in the ATSA do not address her claims because she "did not develop a physical disability that rendered her incapable of performing her duties as an agent." Id. at 16. Rather, her claims under the Rehabilitation Act "are premised on the facts that [she] had a daughter who suffered from a disability while she was employed with [d]efendant, [and] she was denied accommodation to pump her breastmilk." Id. at 16-17. Plaintiff argues that the cases upon which defendant relies consider the physical fitness of a plaintiff him or herself and that defendant fails to address why the ATSA pertains to her claims. Id. at 17. Plaintiff argues that the Ninth Circuit has made clear that the clause overrides conflicting provisions of any other section, but that her claims "do not conflict with the physical qualification standards outlined in the ATSA that renders the clause inapplicable here." Id.

On her hostile work environment claim, plaintiff argues that defendant's argument should not persuade the court because such a claim is highly fact specific and here, she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

has alleged sufficient facts to state a claim. Id. at 18-19. According to plaintiff, "[d]enying a mother an opportunity to pump breastmilk and attend monthly appointments for her disabled daughter rises to the level of severity and pervasiveness that is necessary of the claim" because it interferes with her ability to maintain her role. Id. at 20.

Plaintiff argues that failure to engage in the interactive process is a valid claim because "a violation does not arise only after an employee has made it known that there is an available and reasonable accommodation." Id. Similarly, plaintiff argues that failure to prevent discrimination, harassment, and retaliation is a valid claim because the primary objective of Title VII is to prevent future harm and thus "it logically follows that the failure to do so is actionable." Id. at 21. Finally, plaintiff argues that she is entitled to leave to amend. Id. at 21-22.

In reply, defendant argues that plaintiff does not dispute that she was required to contact an EEO counselor within 45 days of the allegedly discriminatory conduct, nor does she dispute that she did not contact an EEO counselor about her claims until 183 days after termination. Reply at 1. First, defendant argues, the 90-day requirement to appeal is a separate requirement from the 45-day time period in which to notify an EEO counselor of discriminatory conduct. Id. at 2. Second, defendant argues that plaintiff's alleged contact with Hernandez is insufficient under the Ninth Circuit standard because though the individual contacted need not hold the title of EEO counselor, plaintiff does not allege that she intended to begin the EEO process nor how Hernandez was logically connected to the EEO process. Id. Third, defendant argues that plaintiff does not allege in her Complaint or in opposition that she was unaware of the 45-day requirement, nor that her lack of awareness was due to excusable ignorance, and thus she is not entitled to equitable tolling. Id. at 3. Because the purpose of the 45-day requirement is to allow the agency to investigate and remediate issues if possible, defendant argues that tolling is inappropriate here and the entire lawsuit should be dismissed. Id. Defendant argues that its motion to dismiss is procedurally proper. Id. Defendant also argues that the Court may properly take judicial notice of the date of plaintiff's EEO complaint and the date of defendant's "'Procedural Denial'" thereof. Id. at 4.

As a preliminary matter, the Court concludes that a motion to dismiss pursuant to Rule 12(b)(6), rather than a motion to strike under Rule 12(f) is the proper procedural vehicle for defendant's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
| --- | --- | --- | --- |
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

As to the merits, the Court first concludes that dismissal of all of plaintiff's claims is not warranted at this stage based on failure to exhaust administrative remedies. The Court finds that judicial notice of the EEOC action is appropriate.[1] Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001) (holding that a court may take judicial notice of matters of public record). However, the Court concludes that whether or not plaintiff satisfied the requirement that she contact an EEO counselor by reporting her complaint to Hernandez in May 2023 is a question of fact better decided on a more robust evidentiary record. Accordingly, the Court finds that it would be improper to dismiss plaintiff's entire Complaint at this juncture based on failure to exhaust.

Next, the Court finds that plaintiff's claims based on the ADA must be dismissed. It is clear that the ADA does not provide a remedy to federal employees, as the United States is excluded from the statute's coverage. See 42 U.S.C. § 12111(5)(B)(i); Matthews v. Shulkin, 698 F. App'x 550, 551 (9th Cir. 2017) (holding that the ADA "does not encompass the federal government"). Because plaintiff seeks to bring claims against defendant Secretary of Homeland Security, a federal employer, her claims are not viable under the ADA. Accordingly, to the extent that plaintiff's six claims are ADA claims, they are dismissed.

Further, the Court concludes that plaintiff's claims based on the Rehabilitation Act must be dismissed. The Court agrees with defendant that the Rehabilitation Act is preempted by the ATSA, and thus that plaintiff, a former TSA employee, cannot bring her claims as stated under the Rehabilitation Act. The Ninth Circuit addressed the issue in Galaza v. Mayorkas, explaining that the TSA was established and vested with a wide range of responsibility, including "setting the qualifications, conditions, and standards of employment for airport security screeners." 61 F.4th 669, 671 (9th Cir. 2023) (internal quotations omitted). Additionally, "Congress specifically 'vested the TSA Administrator with the authority to carry out the provisions of the ATSA,' including 'wide latitude to determine the terms of employment of screeners.'" Id. (quoting Field v. Napolitano, 663

---

[1] Though plaintiff objects to the Court taking judicial notice of the EEOC action because it brings in facts beyond the face of her Complaint and creates a dispute of fact as to her claims, the Court notes that while a plaintiff's well-pleaded allegations of material fact generally must be accepted as true on a motion to dismiss, the Court is not "required to accept as true allegations that contradict … matters properly subject to judicial notice." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title    | Tiaira Ransom v. Alejandro N. Mayorkas | | |

F.3d 505, 508 (1st Cir. 2011)). Accordingly, the Ninth Circuit found that the ATSA preempts the Rehabilitation Act. Id. at 673. Because the ATSA preempts the Rehabilitation Act in the context of TSA employees, plaintiff is not able to bring her Rehabilitation Act claims.

Plaintiff argues that the cases upon which defendant relies are inapplicable to her situation because she did not personally suffer from any disability, rather she sought accommodation based on her daughter's disability and her need to pump breastmilk. Opp. at 16-17. Therefore, she argues, the "'notwithstanding clause'" of the ATSA on which defendant relies and on which the Ninth Circuit relied to find preemption, does not have "any bearing" on her claims. Plaintiff argues that her "claims do not conflict with the physical qualification standards outlined in the ATSA render[ing] the clause inapplicable here." Id. at 17. The Court finds that this argument does not have merit. Even if plaintiff's claims are derivative of her child's disability, they are nonetheless her own claims and they pertain to her ability to perform her role at the TSA. Accordingly, the ATSA preempts the Rehabilitation Act in the context of her claims and her claims based on the Rehabilitation Act are dismissed.

Insofar as plaintiff asserts her six claims under Title VII, the Court analyzes the three claims defendant challenges specifically as Title VII claims. Defendant moves to dismiss plaintiff's second claim for hostile work environment harassment, her fifth claim for failure to engage in the interactive process, and her sixth claim for failure to prevent discrimination, harassment, or retaliation, all in violation of Title VII. See Mot. at 1.

As to plaintiff's second claim for relief, hostile work environment harassment in violation of Title VII, the Court finds plaintiff has sufficiently alleged her claim. To state a hostile work environment claim based race or sex, a plaintiff must demonstrate "(1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004). In order to determine whether harassing conduct was severe or pervasive, the Court must "look to all the all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

employee's work performance." Johnson v. Riverside Healthcare Sys., LP, 534 F.3d
1116, 1122 (9th Cir. 2008) (internal quotations omitted).

The Court finds that plaintiff has sufficiently alleged a hostile work environment
claim based on sex. Plaintiff alleges that she experienced "ongoing harassment towards
her due to her need to breastfeed her newborn," and that she informed her supervisors of
this situation. Compl. ¶ 10(h). Further, she alleges that she originally had permission to
pump as needed using the TSA lactation rooms, but that she was then informed she could
use only the terminal's lactation rooms and could only pump during rest breaks. Id. ¶¶
10(a), (e). Plaintiff alleges that after her complaints the "inappropriate behavior began to
escalate" and she began to receive "frivolous disciplinary actions." The Court concludes
that these allegations suffice to state a hostile work environment claim on the basis of
sex. Accordingly, defendant's motion to dismiss this claim is denied.

However, if plaintiff seeks to state a claim based on race, she has failed to allege
such a claim. Plaintiff makes only a single reference to race in her Complaint, alleging
that she "informed Hernandez that she has been discriminated against because of her race
and need to breastfeed." Compl. ¶ 10(h). The Court concludes that this does not state a
claim for a hostile work environment based on race, and thus her claim is dismissed, with
leave to amend.

As to plaintiff's fifth claim for relief for failure to engage in the interactive process,
the Court agrees with defendant that no such claim exists under federal law. The Court
finds that there is no independent claim for failure to engage in the interactive process
under Title VII. McGinn v. Hawaii Symphony Orchestra, 727 F. Supp. 3d 915, 938 (D.
Haw. 2024) (citing Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc., 2023 WL 3628151,
at *6 (S.D.N.Y. May 5, 2023) (concluding that "to the extent that [p]laintiff seeks to
assert a [Title VII] claim based on [d]efendant's alleged failure to engage in an interactive
process ... the Court finds that there is no such independent claim."); The Ninth Circuit
has held found that there is no such claim in the context of the ADA and Rehabilitation
Act, "[r]ather discrimination results from denying an available and reasonable
accommodation." Snapp v. United Transportation Union, 889 F.3d 1088, 1095 (9th Cir.
2018); Howard v. HMK Holdings, LLC, 988 F.3d 1185, 1194 (9th Cir. 2021).
Accordingly, the Court concludes that plaintiff cannot bring this claim and that it must be
dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|---|---|---|---|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

The Court finds that plaintiff's sixth claim for relief, for failure to prevent discrimination, harassment, or retaliation also fails because it is not a proper claim under federal law. Though failure to prevent allegations may state a claim under California law, the Court concludes that no such claim exists in the Title VII context. Indeed, "[t]here is no standalone duty under Title VII to prevent discrimination, retaliation, or harassment." Tunucci v. City & Cnty. of San Francisco, No. 23-cv-00424-LB, 2025 WL 964260, at *13 (N.D. Cal. Mar. 31, 2025) (citing Vance v. Ball State Univ., 570 U.S. 421, 427 (2013)). Accordingly, the Court concludes that plaintiff's claim for failure to prevent discrimination, harassment, or retaliation under Title VII must be dismissed.

Finally, the Court grants plaintiff leave to amend to add claims pursuant to the California Fair Employment and Housing Act ("FEHA"). First, plaintiff may be able to state a claim for failure to engage in the interactive process under FEHA. Pursuant to FEHA it is unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). The Ninth Circuit has explained that "[s]o long as the employee is disabled and qualified to perform his job duties, the employer has an affirmative duty 'to explore further methods of accommodation before terminating [the employee].'" Alejandro v. ST Micro Elecs., Inc, 129 F. Supp. 3d 898, 912 (N.D. Cal. 2015) (quoting Humphrey v. Memorial Hospitals Ass'n, 239 F.3d 1128, 1137 (9th Cir. 2001)). However, an employer may not be liable for failing to engage in the interactive process if a reasonable accommodation was not available. Id. (citing Nadaf-Rahrov v. Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 979-81 (2008)). Based on plaintiff's allegations in her Complaint, she may be able to state a claim for failure to engage in the interactive process because she alleges that she had a medical need to pump which at one point during her employment was sufficiently accommodated, showing accommodation was possible. Compl. ¶¶ 9(a), 10(a), (e).

Plaintiff may also be able to state a claim for failure to prevent discrimination, harassment, or retaliation under FEHA. Pursuant to FEHA, it is an unlawful employment practice "[f]or an employer ... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). To state a claim, a plaintiff must show three elements: "'1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title    | Tiaira Ransom v. Alejandro N. Mayorkas | | |

discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm.'" Alejandro, 129 F. Supp. at 913 (quoting Lelaind v. City & Cty. of S.F., 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). Section 12940(k) applies to "an employer who knew or should have known of discrimination or harassment" and "fail[s] to take prompt remedial action." Vierria v. Cal. Highway Patrol, 644 F. Supp. 2d 1219, 1245 (E.D. Cal. 2009). Plaintiff may be able to allege a violation under this FEHA section because she does allege that she was subjected to discrimination, harassment, or retaliation, that such actions were not prevented by defendant, and that she suffered injury as a result.

The Court also notes that plaintiff may be able to state a claim for discrimination under FEHA on the basis of associational disability, which she mentions throughout her Complaint. Though no published California case makes clear that such a claim is possible, federal district courts have interpreted provisions of FEHA to allow for such a claim. Because FEHA defines physical disability to "'include a perception ... that the person is associated with a person who has, or is perceived to have, [that] characteristic[ ]'" a claim for discrimination based on associational disability may be viable under FEHA. McVay v. DXP Enters., Inc., 645 F. Supp. 3d 971, 975 (C.D. Cal. 2022) (quoting Castro-Ramirez v. Dependable Highway Express, Inc., 200 Cal. Rptr. 3d 674, 684 (Cal. Ct. App. 2016), vacated upon reh'g, 2 Cal. App. 5th 1028 (2016)). Accordingly, the Court explained "when the FEHA says employers must reasonably accommodate the known ... disability of an applicant or employee and engage in an interactive process upon an applicant's or employee's request, the disabilities that the statute references include the employee's association with a physically disabled person." Id. (internal quotations omitted). The court in Head v. Costco Wholesale Corporation found the same. No. 24-cv-01203-EMC, 2025 WL 1592737, at *16 (N.D. Cal. June 5, 2025); see also Acosta v. NAS Ins. Servs., LLC, No. 2:25-cv-00656-MCS-PVC, 2025 WL 975007, at *4 (C.D. Cal. Mar. 31, 2025) (determining that a plaintiff may bring associational disability claims under sections 12940(m) and (n)). Accordingly, the Court concludes that a plaintiff could bring either accommodation or interactive process claims based on a theory of associational disability. McVay, 645 F. Supp. 3d at 975. The Court has set forth above what would be needed to plead an interactive process claim under FEHA. To state a failure to accommodate claim, a plaintiff must show "(i) the plaintiff has a disability under the FEHA; (ii) the plaintiff is qualified to perform the essential functions of the position; and (iii) the employer failed to reasonably accommodate the plaintiff's disability." Ayala v. Frito Lay, Inc., 263 F. Supp. 3d 891, 907 (E.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-05433-CAS-MAAx | Date | July 7, 2025 |
|----------|------------------------|------|--------------|
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

2017).  The Court finds that plaintiff may be able to state such a claim based on pleading that she is associated with an individual, her daughter, who is disabled, and that this disability was not accommodated.

Accordingly, the Court grants plaintiff leave to amend to add FEHA claims should she seek to do so.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** in part and **DENIES** in part defendant's motion to dismiss.

The Court **GRANTS** defendant's motion to dismiss all claims under the ADA and the Rehabilitation Act.  The Court **GRANTS** defendant's motion to dismiss plaintiff's fifth and sixth claims for relief pursuant to Title VII.  At the hearing, plaintiff submitted that leave to amend these claims would be futile.  Accordingly, the Court dismisses these claims without leave to amend.

The Court **DENIES** defendant's motion to dismiss plaintiff's second claim for relief pursuant to Title VII, insofar as she bases her hostile work environment claim on harassment based on sex.

IT IS SO ORDERED.

|  |  | 00 | : | 08 |
|--|--|----|---|----|
| | Initials of Preparer | | CMJ | |