UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL ‘O’ JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05433-CAS-MAAx | Date | September 30, 2026 |
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT’S MOTION FOR SUMMARY JUDGMENT (Dkt. 39, filed on August 14, 2026)

## I. INTRODUCTION

On June 26, 2024, plaintiff Tiaira Ransom (“plaintiff”) filed her complaint against defendant Secretary of the United States Department of Homeland Security, Alejandro Mayorkas (“defendant”). Dkt. 1 (“Compl.”). Plaintiff asserted six claims for relief, each based on three legal theories: (1) discrimination; (2) hostile work environment harassment; (3) retaliation; (4) failure to provide reasonable accommodation; (5) failure to engage in the interactive process; and (6) failure to prevent discrimination, harassment, or retaliation, all alleged to be violations of Title VII, the Americans with Disabilities Act (the “ADA”), and the Rehabilitation Act of 1973 (the “Rehabilitation Act”). Id.

On June 4, 2025, defendant filed a motion to dismiss. Dkt. 22. On July 7, 2025, the Court dismissed plaintiff’s fifth claim for failure to engage in the interactive process and sixth claim for failure to prevent discrimination. Dkt. 26. The Court also dismissed all of plaintiff’s claims under the ADA and the Rehabilitation Act because the ADA does not provide a remedy to federal employees and the Rehabilitation Act is preempted by Section 111(d) of the Aviation and Transportation Security Act of 2001. Id. Accordingly, only plaintiff’s first four claims as alleged under Title VII remain. Id.

On August 14, 2026, defendant filed the instant motion for summary judgment. Dkt. 39 (“Mot.”). On August 24, 2026, plaintiff filed an opposition. Dkt. 40 (“Mot.”). On August 31, 2026, defendant filed a reply. Dkt. 41 (“Reply”).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL ‘O’ JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05433-CAS-MAAx | Date | September 30, 2026 |
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

On September 14, 2026, the Court held a hearing. Having carefully considered the parties’ arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[1]

### A. Plaintiff’s Employment and Her Requested Accommodations

On or around January 15, 2023, plaintiff began her employment with the Transportation Security Administration (“TSA”) at Los Angeles International Airport (“LAX”) as a Transportation Security Officer. Plaintiff’s Material Facts (“PMF”) 22. Plaintiff’s daughter was born a few months prior with a hearing disability that required frequent medical appointments. Id. 23, 33. Because plaintiff was still nursing her infant daughter when she started at TSA, she notified defendant that she required breaks to pump breastmilk. Id. 24.

For the first months of her employment, plaintiff was given her standard 15-minute break plus a separate, additional break for pumping with no stated time limit, typically 15 to 20 minutes. Id. 25. She was permitted to pump in the Alpha Checkpoint Private Screening Room, which was located near the Terminal 5 checkpoint where she worked. Id. 25-29.

[1] Plaintiff asserts numerous evidentiary objections to defendant’s evidence. See generally Opp. “In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised.” Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that item of evidence. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (explaining that, at summary judgment, courts may consider any evidence that could be presented in an admissible form at trial).

**B. Disputes Between Plaintiff and Her Supervisor**

In or around early April 2023, plaintiff requested a set number of days off per month from her supervisor, Michelle Baxter, to attend medical appointments for her daughter. Id. 33. Baxter denied the request and informed plaintiff that "[w]e all have kids and we still had to come to our job." Id. 34.

On April 13, 2023, plaintiff reported Baxter's comment to Baxter's own supervisor, Roger Boop, explaining that Baxter had behaved unprofessionally and had denied her the requested time off. Id. 35-36.

On April 19, 2023, Lead Transportation Security Officer Desiree Adams raised her voice at plaintiff to put her hair up. Id. 37-40. Plaintiff put her hair up and responded that yelling was unnecessary. Id. Baxter was present for the exchange and directed another employee who was not present for the exchange to write plaintiff up for the interaction. Id. 37-41.

On April 21, 2023, plaintiff asked to go on a break to pump but her request was denied by a supervisor who directed her to report to a new post. Id. 43-44. On April 22, 2023, Baxter reprimanded plaintiff for "failure to follow" her supervisor's direction to report to the new post. Id. 45. On April 23, 2023, Baxter and Transportation Security Manager, Ashley Gross, told plaintiff that her regular break and her pumping break were to be combined into one 25-minute break. Id. 50. Baxter and Gross also informed plaintiff she could no longer use the Alpha Checkpoint Private Screening Room and to use the public lactation room inside the terminal instead, which was a ten-minute walk each way from her work station. Id. 55. That same day, on April 23, 2023, plaintiff wrote to Boop and asked him to intervene, reporting that she was not getting enough time to pump and that the pattern of mistreatment was "significantly affecting [her] mood, mental, and physical health as an employee." Id. 51.

On May 4, 2023, plaintiff met with Deputy Assistant Federal Security Director, Jorge Lupercio, who was Boop and Baxter's supervisor at the time, but the meeting did not resolve plaintiff's grievances. Id. 60-62. That same day, on May 4, 2023, after speaking with Lupercio, plaintiff escalated her complaint to the highest-ranking official she could reach by writing a letter to Assistant Federal Security Director of Screening Moises Hernandez, outlining the treatment she received at Terminal 5. Id. 63.

On May 5, 2023, plaintiff's union representative, Connie Ayala, wrote a complaint to defendant's leadership on plaintiff's behalf. Id. 65. Ransom believed Ayala to be initiating an EEO proceeding with her complaint. Id. That same day, on May 5, 2023, Baxter recommended plaintiff's termination because of her "failure to follow direction." Id. 53.

Following plaintiff's May 4, 2023 letter to Hernandez and Ayala's May 5, 2023 letter to plaintiff's supervisors, defendant launched an internal investigation. Id. 66. Hernandez selected a neutral factfinder. Id. 67.

On May 24, 2023, a few days into her three-week mandatory new hire training, plaintiff missed two hours of training because she needed to care for her infant daughter, and two days later, on May 26, 2023, she missed eight hours of training for the same reason. Id. 72-76. Gross then notified plaintiff that she was being removed from new hire training for missing more than eight hours. Id. 77. Plaintiff's training was subsequently rescheduled to August 7, 2023. Id. 79.

On June 27, 2023, plaintiff's employment with defendant was terminated. Id. 82; Dkt. 39-7. Her termination letter states that she was terminated for failing to complete her new hire training, for her previous documented "failures to follow," and for her absences. Id. Thereafter, on December 27, 2023, more than 45 days after her termination, plaintiff made an initial contact with her EEO counselor. Defendant's Statement of Uncontroverted Facts ("SUF") 21 (citing dkt. 22-1 (Smoot Decl.), ¶ 7, Ex. A (EEO Complaint of Discrimination-Tiaira Ransom v. Transportation Security Administration)); see Smoot Decl., Ex. B.

### C. Defendant's Notice to Plaintiff About the 45-day Requirement

As part of plaintiff's onboarding at TSA, she completed trainings on her rights and responsibilities in the event she thought she was being discriminated against or harassed in the workplace. Id. 2-4 (citing Vahradyan Decl., ¶ 6[2]). Specifically, on February 23,

---

[2] Plaintiff objects to Vahradyan Decl., ¶ 6 ("Based on TSA's training records maintained in the ordinary course of business, I can confirm that Tiaira Ransom completed the following training modules related to civil rights in employment: Know Your Rights and Responsibilities, completed twice on February 11, 2023; DHS No Fear Act, completed on February 23, 2023; and Preventing and Addressing Workplace

Harassment, completed on April 5, 2023.") on the following evidentiary grounds: (1) best evidence rule (Fed. R. Evid. 1002); (2) improper summary without production of underlying records (Fed. R. Evid. 1006); and (3) hearsay (Fed. R. Evid. 801, 802). Dkt. 40-3, 2 (Plaintiff's Objections to Evidence). Plaintiff argues that the "declarant proves the content of writings—training completion records—without producing them" and that the "completion entries themselves remain out-of-court statements offered for their truth, and their admissibility cannot be assessed on the record presented." Id. 2.

The Court overrules these objections because "[a]t the summary judgment stage, [the Court does] not focus on the admissibility of the evidence's form. [The Court] instead focus[es] on the admissibility of its contents." Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003). Because the evidence could be presented in admissible form at trial, the Court may consider the evidence at the summary judgment stage. Fraser, 342 F.3d at 1037 (citing Hughes v. United States, 953 F.2d 531, 543 (9th Cir. 1992) (holding that an affidavit could be considered on summary judgment despite hearsay and best evidence rule objections because the facts underlying the affidavit were of the type that would be admissible evidence, even though the affidavit itself might not be admissible)); J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990) (ruling that hearsay evidence produced in an affidavit may be considered if the out-of-court declarant could later present the evidence through direct testimony). In any case, plaintiff has also testified at her deposition that she recalls receiving trainings, including one related to harassment in the workplace. Dkt. 39-11 (Deposition of Tiara Ransom) at 66:11-22.

Plaintiff also objects to Vahradyan Decl., ¶ 7, Ex. A; id. ¶ 8; Ex. B; and id. ¶ 9, Ex. C (which all describe and consist of the content of the three trainings that advised the trainees of the 45-day requirement) on the following grounds: relevance (Fed. R. Evid. 401, 402) and lack of personal knowledge (Fed. R. Evid. 602). Dkt. 40-3, 3-5. The Ninth Circuit has held that "objections for relevance are generally unnecessary on summary judgment because they are duplicative of the summary judgment standard itself." Sandoval v. Cty. of San Diego, 985 F.3d 657, 665 (9th Cir. 2021) (citing Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)). In any event, the objections based on relevance lack merit. Plaintiff's explanation that "[e]vidence of a standardized curriculum does not make it more or less probable that [p]laintiff received the 45-day advisement" is unpersuasive. Dkt. 40-3, 3-5. The evidence of trainings which all included the 45-day advisement goes to the central issues in this case (i.e., whether plaintiff was on notice of the 45-day advisement) and is "therefore more than sufficient to

2023, plaintiff completed a training entitled, “Know Your Rights and Responsibilities.” Id. (citing Vahradyan Decl., ¶ 6, Ex. A at 2). This training provides information about the various rights services available to TSA employees to raise their concerns. Id. The training specifically states that: “Federal employees must seek Equal Employment Opportunity (EEO) counseling within 45 days of the agency’s alleged act of discrimination or the effective date of the personnel action.” Id.

On February 23, 2023, plaintiff completed the “DHS No Fear Act” training. Id. 3 (citing Vahradyan Decl., ¶ 6, Ex. B at 4, 6). This training provides employees with an understanding of the rights and remedies available to them under anti-discrimination and whistleblower protection laws, including information about what employees can do to prevent and report harassment, discrimination, and retaliation in the workplace. Id. This training also notifies employees that they must contact an EEO Counselor within 45 days of the incident or the effective date of the personnel action. Id.

On April 5, 2023, plaintiff completed the training entitled, “Preventing and Addressing Workplace Harassment.” Id. 4 (citing Vahradyan Decl., ¶ 6, Ex. C at 29, 39, 44). This training includes information about who TSA employees can raise concerns with and expressly states: “Federal employees must seek Equal Employment Opportunity (EEO) counseling within 45 days of the agency’s alleged act of discrimination or the effective date of the personnel action.” Id.

Materials about TSA’s EEO program were also posted in the breakroom of Terminal 5 where plaintiff was working. Id. 5 (citing Vahradyan Decl., ¶ 11). The EEO materials included information about engaging in the EEO process within 45 days of an alleged discriminatory event as well as contact information for TSA’s civil rights office. Id.

---

clear the low bar of relevance.” Sandoval, 985 F.3d at 666 (citing Fed. R. Evid. 401). Furthermore, “[w]hile objections based on . . . lack of personal knowledge may be cognizable at trial, ‘on a motion for summary judgment, the Court is concerned only with the *admissibility* of relevant *facts* at trial, and not the *form* of these facts as presented in the [m]otion.’” Perrotte v. Boulton, No. 5:22-cv-01593-SSS-SPx, 2025 LX 302086, at *9 (C.D. Cal. July 21, 2025) (citing Ramirez v. Victoria’s Secret Stores, LLC, 2019 WL 6998784, at *2 (C.D. Cal. July 18, 2019)) (emphasis in original).

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

In its motion, defendant argues that summary judgment should be granted in its favor because plaintiff failed to timely exhaust her administrative remedies on her surviving claims that arise under Title VII. Mot. at 6-8. Specifically, defendant argues that although plaintiff was aware of the requirement to notify an Equal Employment

Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct before filing a lawsuit pursuant to Title VII, she failed to do so, and that the failure is fatal to her claims in this lawsuit. Id.

In opposition, plaintiff counters that the threshold timeliness issue may not be decided as a matter of law. Opp. at 1, 9-12. Specifically, plaintiff appears to argue that the question of whether the 45-day requirement should be enforced here hinges on two disputed facts—i.e., whether plaintiff was "notified or otherwise aware" of the 45-day requirement in the first place, id. at 1, and whether plaintiff was aware the "45-day clock would run from her termination," id. at 10. Plaintiff further argues that defendant has the burden of proving untimeliness as an affirmative defense and that, on the present record, defendant has failed to show that plaintiff "understood a 45-day clock would run from her termination—particularly where the agency itself directed her complaints into an internal investigation rather than to an EEO counselor." Id.

Plaintiff further appears to argue that even if the Court decides to enforce and analyze the 45-day requirement, she met that requirement because (1) she notified the Assistant Federal Director for Screening, Moises Hernandez, within the time limit; (2) Hernandez is "logically connected to the EEO process"; (3) her May 4, 2023 email to Roger Boop and Jorge Lupercio "expressly informed them that she intended to file an EEOC complaint"; and (4) her union representative, Connie Ayala, "had advised [plaintiff] about the EEOC, and [she] understood that Ms. Ayala's complaint was initiating EEO proceedings." Id. Finally, plaintiff argues that she is entitled to equitable tolling because her purported delay was caused by "excusable ignorance" and has not resulted in any apparent prejudice to defendant. Id.

In reply, defendant reiterates that plaintiff was aware of the 45-day requirement because she completed three separate trainings where the EEO process was communicated to plaintiff and that plaintiff does not deny this. Reply at 1-5. Defendant further argues that Hernandez is not logically connected to the EEO process because he is "not an EEO personnel member" and "has no connection with the EEO process whatsoever." Id. at 4.

For reasons given below, the Court concludes that the 45-day requirement is enforceable because plaintiff was notified of the requirement. In addition, plaintiff was on constructive notice of the requirement based upon the materials posted in the breakroom. Therefore, plaintiff's failure to initiate contact with an EEO counselor within

45 days is fatal to her remaining claims. Because the Court resolves the case on this basis, the Court does not reach defendant's alternative argument that plaintiff has not established a prima facie case for her claims arising under Title VII.

To commence the required administrative process for claims under Title VII, a federal employee must initiate contact with an EEO counselor within 45 days of the date of the alleged discriminatory matter. 29 C.F.R. § 1614.105(a)(1); Green v. Brennan, 578 U.S. 547, 545-50 (2016). "The limitations-period analysis is always conducted claim by claim," and "begins running on any separate underlying claim of discrimination when that claim accrues." Green, 578 U.S. at 563; see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-15 (2002) ("Each discriminatory act starts a new clock for filing charges alleging that act."). Although the regulatory pre-filing exhaustion requirement at Section 1614.105 does not carry the full weight of statutory authority and is not a jurisdictional prerequisite for suit in federal court, the Ninth Circuit has consistently held that absent waiver, estoppel, or equitable tolling, "failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim" in federal court. Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002)); see also Lacayo v. Donahoe, No. 14-cv-04077-JSC, 2015 WL 993448, at *8 (N.D. Cal. Mar. 4, 2015) ("[A]n employee's failure to follow to a tee the 45-day timing requirements is a shortcoming that relates to the substantive adequacy of a plaintiff's complaint . . . .") (internal brackets and quotation marks omitted) (citing Taylor v. Blank, No. 1:12-cv-1931-AWI JLT, 2014 WL 1577313, at *4 (E.D. Cal. Apr. 17, 2014)); see, e.g., Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (affirming "the judgment against [the plaintiff] because his complaint to the EEO counselor was untimely").

However, the 45-day requirement must be extended if the complainant was "not notified of the time limits *and* was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2) (emphasis added). "Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.'" Kraus, 572 F.3d at 1046 n.7 (quoting Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997)). Moreover, a court must examine whether the notice relied on by the defendant was "reasonably geared to give a potential claimant notice of the 45-day time requirement." Esquibel v. Potter, No. CV 04-956 BB/LFG, 2006 WL 8444259, at *2 (D.N.M. Apr. 12, 2006) (citing Sizova v. Nat'l Inst. of Standards and Tech., 282 F.3d 1320, 1327 (10th Cir. 2002)).

As a threshold matter, the Court finds no basis to extend the 45-day requirement pursuant to Section 1614.105(a)(2) here because defendant has sufficiently shown that it has, on several occasions, put plaintiff on notice of that requirement. Indeed, defendant has shown, and plaintiff does not deny, that plaintiff completed three separate trainings in which it was expressly stated that employees must contact an EEO counselor within 45 days of the agency's alleged act of discrimination or the effective date of the personnel action. Vahradyan Decl., ¶ 6, Ex. A at 2; id., ¶ 6, Ex. B at 4, 6; id., ¶ 6, Ex. C at 29, 39, 44. Furthermore, in one such training, it is uncontroverted that plaintiff had to "affirmatively answer that it was 'true' an employee had 45 days following an incident of alleged discrimination to contact an EEO counselor" in a true or false questionnaire to complete the training. Vahradyan Decl., ¶ 6, Ex. B at 4, 6. It is also not disputed that in the breakroom in Terminal 5, the terminal where plaintiff worked, there were EEO materials posted notifying employees of the 45-day deadline. Vahradyan Decl., ¶ 11. Given this uncontradicted evidence, the Court finds that the notice relied upon by defendant was "reasonably geared" to give a potential claimant notice of the 45-day time requirement. See Aceto v. England, 328 F. Supp. 2d 1, 6 (D.D.C. 2004) ("The uncontradicted evidence indicates that the plaintiff had access to posters containing correct information regarding the EEO complaint process and that the plaintiff attended a training session informing him of that process. Therefore, relevant information reasonably geared to inform employees of the 45-day time period within which to contact an EEO counselor was available to the plaintiff."); Berry v. Bondi, No. 25-2014, 2026 WL 574889, at *10 (10th Cir. Mar. 2, 2026) ("[The plaintiff] had notice. The slides from the No Fear Act training, which [the plaintiff] completed three times before January 2023, stated that an aggrieved individual must contact the FBI's OEEOA within forty-five (45) days of the allegedly discriminatory action(s).") (internal citation and quotation omitted); Castillo v. U.S. Internal Revenue Serv., No. 1:13-cv-00517-SKO, 2016 WL 310114, at *6 (E.D. Cal. Jan. 26, 2016) (holding that plaintiff had actual notice of the existence of the 45-day deadline because she completed a briefing that informed her of same).

To the extent that plaintiff argues that the Court may not presently enforce the 45-day requirement because its enforceability hinges on a disputed fact—i.e., whether plaintiff "understood a 45-day clock would run from her termination," the Court is not persuaded. Opp. at 10. As stated above, the 45-day requirement must be extended if plaintiff was "not notified of the time limits *and* was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2) (emphasis added). Therefore, the only circumstance under

which plaintiff's actual knowledge would be called into question is if plaintiff had not been notified of the time limits, and it could be additionally shown that plaintiff did not acquire knowledge of that requirement through other means. Here, defendant has provided evidence that demonstrates plaintiff was on notice, and consequently, plaintiff's actual knowledge (or lack thereof) is irrelevant and cannot help in procuring her an extension of the time limit.

Having concluded that there is no basis to extend the 45-day requirement pursuant to Section 1614.105(a)(2), the Court next determines whether plaintiff timely initiated contact with an EEO counselor.

Here, the alleged discriminatory and harassing conduct all occurred by June 27, 2023, the date plaintiff was removed from her employment at TSA. SUF 11; PMF 82. But plaintiff did not make initial contact with an EEO counselor until December 27, 2023, 183 days after her employment was terminated. SUF 21. Because plaintiff failed to make initial contact with an EEO counselor within 45 days from the date on which any of the alleged wrongful conduct occurred, her Title VII claims are untimely, and that untimeliness is fatal to her claims in this Court.

However, plaintiff attempts to rebut this conclusion by first arguing that her May 4, 2023 contact with Moises Hernandez, the Assistant Federal Security Director for Screening, should be deemed to satisfy the 45-day requirement because Hernandez is "logically connected with the EEO process." Opp. at 9-11. It is true that "a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process," Kraus, 572 F.3d at 1044 (emphasis omitted), and agency officials logically connected with the EEO process have generally been understood to encompass EEO personnel in positions with a variety of titles, including EEO "officers," "specialists," and "deputy directors," id. at 1044-45 & n.6. Indeed, the "contact with a [c]ounselor" requirement can "include contact with agency officials with EEO counseling responsibilities or a connection to the counseling process, without attributing dispositive significance to the officials' job titles." Id. at 1045.

In this case, however, plaintiff fails to explain how, much less set forth any evidence which indicates that, Hernandez is logically connected with the EEO process. See generally Opp. Plaintiff does not allege that Hernandez is an agency official with

EEO counseling responsibilities. Id. Nor does she allege that Hernandez maintains a connection to the EEO counseling process. Id. Rather, plaintiff merely asserts that "[s]imilar to the EEO structure, [plaintiff] was informed that her complaint would be investigated, and [d]efendant appointed a purportedly neutral fact-finder to conduct that investigation." Opp. at 10-11. Yet plaintiff does not provide any case law for her contention that the mere fact that an internal investigation process shares a "similar . . . structure" as the EEO counseling process establishes a logical connection here. Id.

Plaintiff instead testified at her deposition that she emailed Hernandez because he was her manager's manager's manager. Dkt. 39-11 (Ransom Depo.) at 131:15-25. Yet "[e]ven under Kraus, informal complaints to supervisors about discrimination do not amount to initiating contact with an EEO counselor," Murphree v. Commissioner, 644 F. App'x 962, 966 (11th Cir. 2016) (citing Kraus, 572 F.3d at 1046 n.8), and although Hernandez may have had a "general duty to respond to and address employee complaints about discrimination, in addition to [his] numerous other work responsibilities, that does that mean [he was an official] 'logically connected to the EEO process' in the Agency," id.; see also Johnson v. Henderson, 314 F.3d 409, 415 (9th Cir. 2002) ("[T]here is no basis in law to suggest that an employee's complaints to her supervisors satisfy the requirement that the aggrieved employee seek EEO counseling prior to filing a formal complaint or suing in court."); Merlo v. Wilkie, No. 2:19-cv-05078-ODW (JCx), 2020 WL 5042776, at *5 (C.D. Cal. Aug. 25, 2020) ("But complaints to supervisors who are not 'logically connected to the EEO process' are insufficient to meet the EEO counselor contact requirement.").

Plaintiff next appears to argue that she should be excused from the 45-day requirement because her "contact with the EEO process was further confirmed . . . through her union representative, Connie Ayala" who assisted plaintiff "throughout the relevant period" and "submitted a written complaint to [d]efendant's leadership on [plaintiff's] behalf." Opp. at 11. Plaintiff additionally contends that "Ayala had advised [plaintiff] about the EEOC, and [that she] understood that Ayala's complaint was initiating EEO proceedings on her behalf." Id. Although plaintiff's contacts with her union representative may have exhibited her intent to begin the EEO process, a union representative is not a person "logically connected with the EEO process," and therefore plaintiff's contacts with Ayala do not satisfy the requirement to contact an EEO counselor. See Pena v. United States Postal Serv., No. 18-cv-03923-JCS, 2019 WL 634645, at *10 (N.D. Cal. Feb. 14, 2019) (contacts with union representative did not

satisfy requirement to contact EEO counselor); Huynh v. United States Postal Serv., 2013 WL 2048681, at *5 ("Yet, utilizing the union grievance process is not the same thing as contacting an EEO counselor.").[3]

Although her arguments are less than clear, plaintiff also appears to argue that she should be excused from the 45-day requirement either because the statute of limitations was tolled or defendant is equitably estopped from asserting that bar.

**A. Equitable Tolling**

Equitable tolling is generally applied "to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002) (citation omitted). Equitable tolling also applies to excuse a claimant's failure to comply with the time limitations if plaintiff establishes: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Aquino v. Mayorkas, No. 20-55783, 2022 WL 18919, at *1 (9th Cir. Jan. 3, 2022) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)).

Here, evidence is clear plaintiff was notified of the 45-day requirement, see supra, and plaintiff has not proffered any impairment that prevented her from timely filing, see generally Opp. To the extent that plaintiff argues the 45-day requirement should be tolled because she believed her union representative had already initiated the EEO process on her behalf, case law is clear that a plaintiff is not entitled to equitable tolling merely because she entrusted a time-sensitive obligation to another person and assumed

[3] The principle underlying courts' decisions that complaints to a union representative or supervisor do not suffice is that those individuals are not well-situated to rectify the conflict between an employee and an employer. Unlike a union representative or a supervisor, an EEO counselor "serv[es] as a neutral" who can "provide[] an aggrieved individual with his/her rights and obligations under equal employment opportunity laws, gathers limited data and may attempt an informal resolution where ADR is not offered or accepted, pursuant to 29 C.F.R.§ 1614." U.S. EQUAL EMP. OPPORTUNITY COMM'N, Management Directive 110, ch. 2, §§ III.A.1. Therefore, contact with an EEO counselor invokes a specialized process designed both to identify the discrimination claim and to neutrally facilitate its resolution, which are functions that neither a union representative nor supervisor is properly positioned to perform.

that person will timely perform it; a plaintiff must instead take reasonable steps herself to ensure that the obligation is timely performed. See Nixon v. Sherman, No. 1:14-CV-00525-LJO, 2014 WL 6901845, at *5 (E.D. Cal. Dec. 5, 2014) (“Petitioner’s argument that he relies on others to file his legal matters is not sufficient to warrant equitable tolling.”); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that a petitioner who relies on a third party to assist him retains the “personal responsibility of complying with the law.”). Nor can plaintiff rely on any negligence on the part of her union representative to seek equitable tolling. See Braxton v. First Transit, 322 F. Supp. 3d 110, 117 (D.D.C. 2018) (“Even if [plaintiff’s] [union] representative acted negligently in a way that prevented timely filing of the charge, this would not be an extraordinary circumstance sufficient to toll [plaintiff’s] deadline.”); Tyler v. Henderson, 2001 WL 194930 at *5 (D.D.C. 2001) (refusing to toll Title VII deadline because “the untimely district court filing resulted from nothing more than attorney neglect”). Accordingly, plaintiff is not entitled to equitably tolling.

### B. Equitable Estoppel

Equitable estoppel “focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit.” Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). “A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff’s actual and reasonable reliance on the defendant’s conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant’s actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.” Id.

To the extent that plaintiff’s argument can be construed as one for equitable estoppel, she points to no conduct by defendant that induced her to miss the 45-day requirement. See generally Opp. Plaintiff cannot invoke equitable estoppel merely by claiming she was unaware the 45-day clock had run because she relied on defendant’s handling of her complaints through an internal investigation rather than through the EEO process. Id. at 10. That reliance is unreasonable given that plaintiff knew or should have known from her trainings that she, as the claimant, must initiate contact with an EEO counselor within 45 days of the occurrence of her grievances. See Johnson v. City of San Diego, No. 3:17-CV-00410-L-NLS, 2018 WL 3817979, at *4 (S.D. Cal. Aug. 10, 2018) (finding equitable estoppel unwarranted because plaintiff “presents no argument or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'** **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05433-CAS-MAAx | Date | September 30, 2026 |
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

evidence explaining why it was reasonable for him to think that, by submitting a grievance with [his employer], he excused himself from Title VII's requirement that he file a charge with the EEOC" within the prescribed deadline). Even if it were reasonable, plaintiff presents no evidence of improper purpose on the part of defendant. See Smith-Thompson v. District of Columbia, 657 F. Supp. 2d 123, 133 (D.D.C. 2009) (finding that "employer's direction to use its internal grievance procedures to adjudicate her discrimination claims . . . does not, standing alone, constitute affirmative misconduct justifying estoppel"). Neither can plaintiff rely on any improper conduct on the part of her union representative to establish equitable estoppel because her union representative's conduct cannot be properly attributed to defendant. See Pena v. United States Postal Serv., No. 18-CV-03923-JCS, 2019 WL 634645, at *11 (N.D. Cal. Feb. 14, 2019) (finding equitable estoppel unwarranted because "there is no reason provided to attribute any failure by [plaintiff's] union to his employer" and "his union is not a party to this action"). Accordingly, plaintiff is not entitled to equitable tolling or estoppel, and her claims are time-barred.

* * *

Finally, plaintiff argues that because defendant failed to move for summary judgment on her fourth claim for failure to accommodate pursuant to Title VII, defendant is not entitled to summary judgment on that issue. Opp. at 12-13. "As a general rule, a district court may not *sua sponte* grant summary judgment on a claim without giving the losing party ten days' notice and an opportunity to present new evidence as required by Federal Rule of Civil Procedure 56(c)." United States v. Grayson, 879 F.2d 620, 625 (9th Cir. 1989). However, "[a] district court may grant summary judgment without notice if the losing party has had a full and fair opportunity to ventilate the issues involved in the motion." Id. (internal quotations omitted). Here, plaintiff has had a full and fair opportunity to address the relevant issue—i.e., the timeliness of her contact with an EEO counselor—in both briefings and at the hearing. Therefore, the Court *sua sponte* grants summary judgment in favor of defendant on plaintiff's fourth claim for failure to accommodate because this claim, too, is barred by her untimely contact with an EEO counselor.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'** **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05433-CAS-MAAx | Date | September 30, 2026 |
| Title | Tiaira Ransom v. Alejandro N. Mayorkas | | |

## V. CONCLUSION

Plaintiff's invocation of the EEO counseling process on December 27, 2023 was untimely, and this untimeliness bars her Title VII action in federal court. Accordingly, the Court enters summary judgment in favor of defendant and against plaintiff, and this action is dismissed without prejudice.

IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | 00 | : | 00 |
| Initials of Preparer | CMJ | | |